1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS JOSEPH MELGER,                     No.  2:16-cv-01452 DB

12                    Plaintiff,

13          v.                                  ORDER

14   COLON, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action under 42 U.S.C. § 1983.  Before the court are plaintiff's motion to amend his complaint

19   (ECF No. 14) and motion to be excused from exhausting administrative remedies (ECF No. 16).

20   For the reasons set forth below, the court denies both motions.

21          Plaintiff's initial complaint alleges that he told defendants Shelton, Esculera and Prevostin

22   that he and his cellmate should not be housed together due to an "imminent threat."  Plaintiff alleges

23   that defendants either disregarded or denied his request for a cell change and that after defendants

24   disregarded or denied his request for a cell change, he and his cellmate had an altercation.  Plaintiff

25   alleges that after this altercation, defendants still did not grant his request for a cell change.  Plaintiff

26   alleges that he then became fearful and was placed in a mental health crisis bed for nine days.

27   (ECF No. 1.)

28   ////

1

The magistrate judge previously assigned to this case, Judge Kendall J. Newman, reviewed the initial complaint for screening purposes and found that it states a potentially cognizable claim against defendants Shelton, Esculera, and Prevostin.  (ECF No. 9.)  Claims made against defendants the California Department of Corrections and Rehabilitation, Colon, and Bach were dismissed.  (Id.)  Plaintiff was granted leave to amend the complaint concerning the claims against Colon and Bach within 30 days of the July 21, 2016 order.  (Id.)  On August 5, 2016, plaintiff filed the motion to amend, which included a request for a 90-day extension of time in which to file the amended complaint.  (ECF No. 14.)  A week later, plaintiff filed a "notice" concerning the motion to amend (ECF No. 15), as well as a motion to be excused from exhausting administrative remedies (ECF No. 16).  On August 17, 2016, plaintiff filed a first amended complaint.  (ECF No. 17.)

While plaintiff was already granted leave to amend his complaint concerning claims against defendants Colon and Bach (ECF No. 9), the court did not grant plaintiff permission to include additional defendants and claims.  Thus, it is proper that plaintiff filed a motion to amend so that he could attempt to include a new claim against a new defendant -- specifically, plaintiff's sixth claim for first amendment violations against new defendant Romenett (ECF No. 17 at 10-11).  However, plaintiff cannot proceed with the claim against Romenett in this case.

Granting or denying leave to amend a complaint is in the discretion of the Court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires."   Fed. R. Civ. P. 15(a) (2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently, the policy to grant leave to amend is applied with extreme liberality.  Id.  Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757–58 (9th Cir. 1999)).

////

2

1    According to plaintiff's filings (ECF Nos. 14; 15; 16; 17), he seeks to add a new claim for

2  first amendment violations against Romenett for which he has yet to exhaust administrative remedies.

3  However, a review of the first amended complaint reveals that plaintiff is attempting to add an

4  additional defendant by alleging facts completely unrelated to the initial complaint.  (ECF No. 17 at

5  10-11.)  Specifically, plaintiff's claim against Romenett alleges that when plaintiff attempted to mail

6  his initial complaint and case-opening documents in this case, Romenett was responsible for

7  excluding certain documents and shuffling the remaining documents out of his intended order.  (Id.)

8  As noted above, the initial complaint in this case concerns prison officials allegedly ignoring

9  plaintiff's requests to change cellmates and the subsequent consequences of that action.  (ECF No. 1.)

10    This new claim against Romenett is a separate matter that took place after the facts in the

11  initial complaint and is unrelated to them.  Plaintiff may not pursue multiple, unrelated claims in this

12  action.  Pursuant to the Federal Rules of Civil Procedure, "[a] party asserting a claim, counterclaim,

13  crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has

14  against an opposing party."  Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are

15  fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant

16  2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort

17  of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay

18  the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

19  or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."

20  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Bryant v. Gallagher, No. 1:11–cv–

21  00446–BAM PC, 2012 WL 370316, *1 (E.D. Cal. Feb. 3, 2012).

22    Since plaintiff is attempting to add an additional defendant and claim that may not proceed in

23  this action, amendment would be futile.  If Plaintiff wishes to litigate this new claim, his recourse is to

24  file a new action.  Additionally, because plaintiff's motion to be excused from exhausting

25  administrative remedies concerns his claim against Romenett, which may not proceed in this case,

26  that motion will be denied as moot.

27  ////

28  ////

1      Accordingly, IT IS HEREBY ORDERED that:

2      1.    Plaintiff's motion to amend (ECF No. 14) is denied;

3      2.    Plaintiff's motion to be excused from exhausting administrative remedies (ECF No.

4 16) is denied as moot; and

5      3.    Plaintiff shall, within 30 days of this order, file an amended complaint that complies

6 with Judge Newman's initial screening order (ECF No. 9) entered on July 21, 2016.

7 Dated:  January 20, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

12 TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / melg1452.mta

4