UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | No. 2:16-cv-1452 DB P |
| Plaintiff, | |
| v. | ORDER |
| COLON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Before the court are plaintiff's second and third amended complaints for screening.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

7    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
8    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
9    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
10   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
11   However, in order to survive dismissal for failure to state a claim a complaint must contain more
12   than "a formulaic recitation of the elements of a cause of action;" it must contain factual
13   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
14   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
15   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
16   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
17   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18   The Civil Rights Act under which this action was filed provides as follows:

19   > Every person who, under color of [state law] . . . subjects, or causes
20   > to be subjected, any citizen of the United States . . . to the
     > deprivation of any rights, privileges, or immunities secured by the
     > Constitution . . . shall be liable to the party injured in an action at
21   > law, suit in equity, or other proper proceeding for redress.

22   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
23   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
24   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
25   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
26   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
27   omits to perform an act which he is legally required to do that causes the deprivation of which
28   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Analysis**

On January 30, 2017 plaintiff filed a second amended complaint in response to the court's January 20, 2017 order. On September 25, 2017, plaintiff filed a third amended complaint. (ECF Nos. 25, 26.) In the second amended complaint, plaintiff alleges defendant Prevostini was deliberately indifferent to a threat of "imminent violence" on May 29, 2016 around 6:00 a.m. when he ignored plaintiff's plea that if either he or his cellmate were not removed from their cell, there would be violence. (ECF No. 25 at 3.) Plaintiff makes very similar allegations about defendant Esculera for an incident that occurred the following afternoon. (Id. at 4.) Plaintiff contends that on May 31, 2016, his cellmate assaulted him with a food tray and threatened him with a razor blade. Plaintiff got the attention of defendants Shelton, Esculera, Colon Jr., and Bach, but they failed to help him. (Id. at 4-5.)

In his third amended complaint, plaintiff includes some, but not all, of these claims. Because the second amended complaint was filed within the time required by the court's January 20, 2017 order and because plaintiff appears to have more fully stated his claims therein, the court will permit this case to go forward on the second amended complaint. The court finds that, for the limited purposes of § 1915A screening, the second amended complaint states potentially cognizable claims against defendants Prevostini, Esculera, Shelton, Colon Jr., and Bach.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The allegations in the pleading are sufficient to state potentially cognizable claims against defendants Prevostini, Esculera, Shelton, Colon Jr., and Bach. See 28 U.S.C. § 1915A. With this order, the Clerk of the Court shall provide to

3

plaintiff a blank summons, a copy of the second amended complaint filed January 30, 2017 (ECF No. 25), one USM-285 form and instructions for service of process on defendants Prevostini, Esculera, Shelton, Colon Jr., and Bach. Within thirty days of service of this order plaintiff shall return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and six copies of the endorsed second amended complaint filed January 30, 2017. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Prevostini, Esculera, Shelton, Colon Jr., and Bach will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

2. Failure to comply with this order may result in dismissal of this action.

Dated: October 24, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/melg1452.SAC scrn

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10   THOMAS JOSEPH MELGER,              No. 2:16-cv-1452 DB P
11             Plaintiff,
12        v.                            NOTICE OF SUBMISSION OF
                                        DOCUMENTS
13   COLON, et al.,
14             Defendants.
15
16        Plaintiff submits the following documents in compliance with the court's order filed
17   _____.
18        _____ completed summons form
19        _____ completed forms USM-285
20        _____ copies of the Second Amended Complaint
21   DATED:
22
23                         _____
                                    Plaintiff
24
25
26
27
28

5