UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | No. 2:16-cv-1452 DB P |
| Plaintiff, | |
| v. | ORDER |
| COLON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants failed to protect him in violation of his Eighth Amendment rights. Presently before the court is plaintiff's motion to amend the complaint (ECF No. 52), motion to appoint counsel (ECF No. 35), motion to waive filing fees (ECF No. 37), and motion to shorten time (ECF No. 49).

**I.  Motion for Leave to Amend**

After the court ordered service, but before defendants filed a responsive pleading, plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 39.) After defendants answered, plaintiff filed an amended complaint (ECF No. 48) and requested the court grant him leave to amend the complaint (ECF No. 52). Defendants requested the court screen the fourth amended complaint pursuant to 28 U.S.C. § 1915A(b). (ECF No. 51.)

////

The court will grant plaintiff's motion for an extension of time nunc pro tunc and grant his motion for leave to amend the complaint. The court will issue a separate order screening plaintiff's fourth amended complaint as required by 28 U.S.C. § 1915A.

**II.     Motion for the Appointment of Counsel**

In support of his motion to appoint counsel plaintiff argues that the court should appoint counsel because he is likely to prevail on the merits. (ECF No. 35.) Plaintiff additionally claims he requires the assistance of counsel to acquire the entire case file because he lost all documents related to this case while he was out of custody.[1]

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

At this stage, with only the allegations in the fourth amended complaint before it, the court cannot determine plaintiff's likelihood of success on the merits. Plaintiff's filings indicate that he is capable of articulating his claims pro se. Accordingly, the court will deny the motion to appoint counsel without prejudice to its renewal at a later time.

////

////

---

[1] As discussed further below, plaintiff was released from custody for approximately three months, but is presently incarcerated at San Quentin State Prison. (ECF No. 36.)

2

**III. Motion to Waive Filing Fees**

Plaintiff states that he was released from California Correctional Institution on November 25, 2017 and was returned to prison on March 3, 2018. He states that between November 25, 2017 and March 3, 2018 he was homeless and during that time he lost his belongings, including his legal papers relating to this case. He requested to have his fees waived. (ECF No. 37.)

Plaintiff was previously granted leave to proceed in forma pauperis in this action. (See ECF No. 9.) Based on his in forma pauperis status, plaintiff is required to pay the filing fee and the California Department of Corrections and Rehabilitation has been authorized to collect monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. However, other than the monthly payments, plaintiff is not required to pay any fees at this time. Accordingly, plaintiff's motion for a fee waiver will be denied as moot.

Plaintiff additionally requested the Clerk of the Court prepare and deliver his complete case file to his current address. Plaintiff's in forma pauperis status does not entitle him to free copies of documents from the court and the Clerk does not ordinarily provide free copies of case documents to parties. The Clerk's Office charges $0.50 per page for copies of documents. Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request and prepayment of the copy fees. Checks in the exact amount are to be made payable to "Clerk USDC." Included with this order as a one-time courtesy is a copy of the docket in this case.

**IV. Motion to Shorten Time**

Plaintiff filed a motion to shorten time stating a 180-day extension of time is not necessary because exhaustion of administrative remedies[2] is now complete. (ECF No. 49.) As the court has not granted any party in this case a 180-day extension, it will deny plaintiff's motion to shorten time.

---

[2] Plaintiff is informed that exhausting administrative remedies while his suit is pending will not satisfy the exhaustion requirement. Under the Prison Litigation Reform Act ("PLRA") inmates must exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium) ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.").

Plaintiff is advised that the court's docket of pending cases is substantial, and the court must act first on those cases that have been pending the longest. The court acts to resolve all pending cases in the most efficient manner possible and will do so in this case.

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 39) is granted;
2. Plaintiff's motion for leave to amend the complaint (ECF No. 52) is granted;
3. Plaintiff's motion to appoint counsel (ECF No. 35) is denied without prejudice;
4. Plaintiff's motion to waive filing fees (ECF No. 37) is denied as moot;
5. Plaintiff's motion to shorten time (ECF No. 49) is denied; and
6. The Clerk of the Court is directed to send plaintiff, together with a copy of this order, a copy of the current docket in this action.

Dated: June 25, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil Rights/melg1452.lta

4